IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02119-NYW

THOMAS JEFFERSON WILLIAMS IV,

    Plaintiff,

v.

CARBAJOL,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on the failure of Plaintiff Thomas Jefferson Williams IV ("Plaintiff" or "Mr. Williams") to respond to this court's Order to Show Cause dated March 15, 2022. [Doc. 56]. This civil action was directly assigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated May 20, 2021. [Doc. 40].

## BACKGROUND

Mr. Williams initiated this civil action *pro se* on July 20, 2020, naming eight Defendants: Deputy Sackett, Deputy Kriswonzki, Sergeant Farrell, and Mr. Carbajol, the El Paso County Jail, Trinity Food Services, and two individuals identified as Mr. Dave and Ms. Victoria. [Doc. 1 at 1-3]. The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis*, *see* [Doc. 4], and directed Plaintiff to file an Amended Complaint, *see* [Doc. 5], which Plaintiff did on August 10, 2020. [Doc. 6]. In the Amended Complaint, Mr. Williams named Mr. Carbajol, Mr. Dave, Ms. Victoria, Trinity Food Services, El Paso County, Deputy Sackett, Sergeant Farrell, and Deputy Kriswonzki as Defendants. [*Id.* at 3]. On December 14, 2020, Judge Gallagher

recommended that Plaintiff's claims against Deputy Sackett, Sergeant Farrell, and Deputy Kriswonzki be drawn to a presiding judge. [Doc. 16 at 10]. In addition, Judge Gallagher recommended that Plaintiff's claim against Mr. Carbajol, only to the extent it alleges a claim of negligent infliction of emotional distress, be drawn to a presiding judge. [*Id.*]. Judge Gallagher recommended that the remaining claims and Defendants be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. [*Id.*]. On February 26, 2021, the Honorable Lewis T. Babcock accepted the Recommendation and dismissed Plaintiff's claims accordingly. [Doc. 20 at 2]. The case was then directly assigned to the undersigned. [*Id.*].

On March 9, 2021, Deputy Sackett, Deputy Kriswonzki, and Sergeant Farrell (the "State Defendants") waived service of the Amended Complaint. [Doc. 23]. On March 29, 2021 and May 19, 2021, Plaintiff and State Defendants consented to the jurisdiction of a Magistrate Judge, [Doc. 27; Doc. 39], and the case was referred to the undersigned for all purposes. [Doc. 40].

The State Defendants filed a Motion to Dismiss on April 30, 2021, seeking dismissal of all claims against them. [Doc. 36]. This court granted the Motion to Dismiss on November 30, 2021, dismissing all claims against the State Defendants. *See* [Doc. 49]. Noting that Plaintiff proceeds pro se, and in light of the Tenth Circuit's directive that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend," *see* [*id.* at 35 (quoting *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990))], the court granted Plaintiff leave to file a Second Amended Complaint on or before December 28, 2021. [*Id.* at 37].

In addition, the court noted that, as an incarcerated litigant, Mr. Williams could rely on the United States Marshals Service ("USMS") to serve process. [*Id.* at 36]. Because it was not clear from the docket that the USMS had attempted service on Mr. Carbajol, the lone remaining

2

Defendant, the court ordered the USMS to attempt service on Mr. Carbajol at the address provided by Plaintiff—a business address for Trinity Food Services. [*Id.* at 36-37].

Mr. Williams did not file a Second Amended Complaint by the December 28, 2021 deadline, nor did Mr. Williams seek an extension of this deadline. Accordingly, the court entered a Minute Order on January 11, 2022, recognizing that "Plaintiff's claims against Deputy Sackett, Sergeant Farrell, and Deputy Kriswonski were dismissed as of the November 30, 2021 Order." [Doc. 51 at 1]. A copy of the January 11, 2022 Minute Order was mailed to Plaintiff at his provided address: Roberts Road Residential Facility. [Doc. 52].

On March 7, 2022, the January 11, 2022 Minute Order was returned to the court as undeliverable. [Doc. 54]. The court's independent review of the CDOC's "Offender Search" indicates that Mr. William's "Current Facility Assignment" is "INTENSIVE SUPERVISION – INMATE;" the CDOC's website represents that the Intensive Supervision Program "is the structured supervision, monitoring, and guidance of the activities of an offender living in an approved private residence such as a house or apartment." *See Intensive Supervision Program-Inmate*, Colorado Department of Corrections, https://cdoc.colorado.gov/parole-and-re-entry-services/supervision/community-corrections/intensive-supervision-program-inmate (last visited April 12, 2022). Thus, it appears that Mr. Williams has been released from CDOC custody or otherwise no longer resides at the Roberts Road Residential Facility. Additionally, a summons directed at Mr. Carbajol was returned unexecuted on March 9, 2022, stating that "Mr. Carbajol [n]o longer works for [t]his company" and that Mr. Carbajol had last worked for Trinity Food Services in October of 2021. [Doc. 55].

Finding that Plaintiff had failed to comply with the Local Rules and the Federal Rules of Civil Procedure, this court issued an Order to Show Cause on March 15, 2022 directing Plaintiff

3

to show cause, on or before April 6, 2022, why the court should not recommend dismissal of his remaining claim against Mr. Carbajol for failure to prosecute, failure to comply with the Local Rules, and failure to serve Mr. Carbajol. [Doc. 56]. This court specifically advised Plaintiff that the "failure to meaningfully respond to this Order to Show Cause may result in this court recommending dismissal of this case without further notice from the court." [*Id.* at 6-7]. Plaintiff did not respond to the Order to Show Cause by the court's deadline. On March 28, 2022, the Order to Show Cause was returned to the court as undeliverable. [Doc. 58]. This Recommendation follows.

## ANALYSIS

The Local Rules of Practice for the District of Colorado provide that all unrepresented parties must file a notice of change of mailing address within five days of the date of any such change. *See* D.C.COLO.LCivR 5.1(c). Additionally, Rule 4 of the Federal Rules of Civil Procedure directs that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Further, under Local Rule 41.1,

> [a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCiv R 40.1.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th

4

Cir. 2002). Further, a party's *pro se* status does not exempt him from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The court plays a neutral role in the litigation process and cannot assume the role of an advocate for the *pro se* party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Mr. Williams has failed to comply with Local Rule 5.1 by not informing the court of any change in his mailing address within five days of that change. Because the court received mail sent to Plaintiff on January 11, 2022 returned undeliverable on March 7, 2022, *see* [Doc. 52; Doc. 54], and because the Order to Show Cause was returned as undeliverable on March 28, 2022, *see* [Doc. 58], the court can only assume that five days have passed since Plaintiff's address changed. Although the court is mindful of the difficulties that may accompany the transition from incarceration, Plaintiff's failure to keep the court informed of his current contact information has resulted in the court's inability to contact Plaintiff and has rendered the progression of this litigation impossible. *See Birdsall v. Lee*, No. 08-cv-00081-WDM-MEH, 2008 WL 4080194, at *2 (D. Colo. Aug. 28, 2008) "[T]he matter is at a standstill without Plaintiff's presence in the case and [she] is the only one who can change the situation.").

"Just as Defendant[] [is] burdened by Plaintiff's failure to provide a current address . . . so, too, is the Court." *Almeyda v. Peterson*, No. 08-cv-01778-ZLW-KLM, 2009 WL 1396262, at *3 (D. Colo. May 15, 2009). Plaintiff's failure to follow the Local Rules provides a basis for dismissal of his claim against Mr. Carbajol without prejudice. *See Fogle v. Bonner*, No. 09-cv-00962-WYD-BNB, 2010 WL 1780825, at *1 (D. Colo. Feb. 23, 2010), *report and recommendation adopted*,

2010 WL 1780820 (D. Colo. Apr. 30, 2010) (recommending that a case be dismissed due to, in part, the plaintiff's failure to file a notice of change of address).

Additionally, Mr. Williams has failed to comply with Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Mr. Williams filed his Complaint on July 20, 2020, and thus, the deadline for service on Mr. Carbajol was technically October 19, 2020. *See* Fed. R. Civ. P. 4(m); *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he [90-]day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."). While the court is cognizant of the fact that it does not appear that service was attempted on Mr. Carbajol by the USMS until after this court's November 30, 2020 Order, *see* [Doc. 49], a *pro se* plaintiff proceeding *in forma pauperis* "must still comply with the same rules of procedure governing other litigants, including Rule 4," *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020), and it appears that Mr. Carbajol cannot be served at the address provided by Plaintiff. *See* [Doc. 52].

In its Order to Show Cause, the court ordered Plaintiff to show cause why this cause should not be dismissed for failure to serve under Rule 4(m). *See* [Doc. 56 at 6]. Mr. Williams did not respond to the court's Order, and thus has not shown good cause for the failure to provide an appropriate address for Mr. Carbajol as required by Rule 4. "It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served. . . . the Marshal is

6

not charged with finding a defendant who has moved without providing an accessible forwarding address." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). Simply put, this litigation cannot proceed without service on Mr. Carbajol, the lone remaining Defendant.

Due to Plaintiff's failure to comply with this District's Local Rules and the Federal Rules of Civil Procedure, this litigation cannot proceed. For this reason, the court finds that dismissal without prejudice for failure to prosecute is appropriate. *See Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948) (noting a district court's inherent power to dismiss an action for failure to prosecute). For the reasons set forth herein, this court respectfully **RECOMMENDS** that this case be **DISMISSED without prejudice** for failure to prosecute and failure to comply with the Local Rules.[1] *See Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *3 (D. Colo. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1767786 (D. Colo. Apr. 24, 2013) (recommending dismissal without prejudice based on the plaintiff's failure to file a notice of change of address, failure to respond to an order to show cause, failure to comply with the Local Rules, and failure to prosecute).

---

[1] The Tenth Circuit has not spoken on whether the consent of unserved, non-appearing parties is required for jurisdiction under 28 U.S.C. § 636(c). Based on the court's research, it appears that four Circuit courts have: the Fifth Circuit has held that unserved parties are not yet parties to the action and, thus, their consent is not required. *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). On the other hand, the Third, Seventh, and Ninth circuits have held that 28 U.S.C. § 636(c) requires the consent of *all* parties, even those who have not yet been served. *See Burton v. Schamp*, 25 F.4th 198, 2022 WL 322883, at *6 (3d Cir. 2022); *Coleman v. Lab. & Indus. Rev. Comm'n of Wisc.*, 860 F.3d 461, 475 (7th Cir. 2017); *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Notably, the Third Circuit has also determined that "[n]o consent from a defendant is necessary where a plaintiff has failed to effect service on the defendant in the time prescribed by Fed. R. Civ. P. 4(m)." *Burton*, 2022 WL 322883, at *6 n.43. Despite this statement from the *Burton* court, given the absence of any binding directing from the Tenth Circuit, coupled with the weight of authority of other Circuit courts, the court finds it appropriate to proceed via Recommendation, should Mr. Williams fail to show cause in response to this Order. *See id.* at *6 (holding that § 636(c) requires the consent of "any party directly affected by an order or a judgment issued by that magistrate judge.") (emphasis added).

7

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1)     The Clerk of Court **SHALL REASSIGN** this matter to a District Judge.

Additionally, this court respectfully **RECOMMENDS** that:

(1)     This case be **DISMISSED without prejudice** for failure to prosecute, failure to comply with the Local Rules, and failure to serve under Rule 4(m).[2]

Finally, a copy of this Order to Show Cause shall be sent to Plaintiff at Plaintiff's only known address:

>   Thomas Jefferson Williams IV, #176953
>   3615 Robert Road
>   Colorado Springs, CO 80907

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED:  April 12, 2022                    BY THE COURT:

                                          _____
                                          Nina Y. Wang
                                          United States Magistrate Judge

9